**Harjit Singh KHATRA, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 03–40060–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Harjit Singh Khatra, Kew Gardens, New York, for Petitioner, pro se.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Carl L. Boykin, Assistant United States Attorney, Syracuse, New York, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Harjit Singh Khatra petitions for review of the May 2003 decision of the BIA denying his motion to reopen his removal proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen*

*Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Khatra's motion because it was untimely, and Khatra did not establish changed circumstances that would allow the BIA to excuse the late filing. 8 C.F.R. § 1003.2(c)(2)-(3); *Kaur,* 413 F.3d at 234. An alien seeking to reopen removal proceedings must file a motion no later than 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). Khatra did not file his motion to reopen until February 20, 2003, well after the December 26, 2002 deadline. The BIA properly declined to credit his explanation that his former attorney was to blame for the late filing, when Khatra did not claim ineffective assistance of counsel or comply with the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988).

The BIA properly found that Khatra's motion did not fall within any exception to the 90–day filing deadline. This deadline may be excused in a motion to reopen an asylum case based on "changed circumstances" in the applicant's home country, if he or she provides material evidence that was not available and could not have been discovered or presented at the previous hearing. 8 C.F.R. § 1003.2(c)(3)(ii). However, the articles Khatra submitted did not meet this standard. These articles merely indicate that the conflict between the Sikhs and the Indian government continues in Punjab and Kashmir, but do not indicate that conditions for Sikhs or members of Akali Dal Mann have worsened since the time of Khatra's hearing. Therefore, this evidence cannot be considered material.

Even assuming Khatra's motion had been timely, the BIA rationally could have

denied the motion. Not only do Khatra's articles fail to establish changed circumstances in India, but they also fail to resolve the IJ's primary concern in his case, adverse credibility. Because the articles shed no light on the truth of Khatra's own alleged experiences, they do not help him establish past persecution or a well-founded fear of future persecution. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 79 (2d Cir.2004) (holding that an asylum applicant cannot meet his or her burden of proof if he or she is not found credible). Thus, the BIA did not abuse its discretion in denying Khatra's motion when he failed to offer material evidence or establish *prima facie* eligibility for asylum. *See Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *Kaur*, 413 F.3d at 234.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).